NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**MYLAN PHARMACEUTICALS INC.,**
*Appellant*

**v.**

**BIOGEN MA INC.,**
*Appellee*

―――――――――――

2020-1673

―――――――――――

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01403.

―――――――――――

Decided:  November 30, 2021

―――――――――――

NATHAN K. KELLEY, Perkins Coie, LLP, Washington, DC, argued for appellant.  Also represented by SHANNON BLOODWORTH, BRANDON MICHAEL WHITE; DAVID LEE ANSTAETT, ANDREW DUFRESNE, EMILY JANE GREB, Madison, WI; DAN L. BAGATELL, Hanover, NH; COURTNEY PROCHNOW, Los Angeles, CA; MATTHEW GREINERT, Mylan, Canonsburg, PA.

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for appellee.  Also

represented by ANNALEIGH E. CURTIS, MADELEINE C. LAUPHEIMER, LISA JON PIROZZOLO; SCOTT G. GREENE, New York, NY; THOMAS SAUNDERS, Washington, DC; PAUL WILLIAM BROWNING, PIER DEROO, MARK J. FELDSTEIN, CORA RENAE HOLT, BARBARA CLARKE MCCURDY, JAMES B. MONROE, ERIN SOMMERS, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC.

------

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mylan Pharmaceuticals, Inc., appeals the Patent Trial and Appeal Board's Final Written Decision of an inter partes review proceeding, in which Mylan challenged claims 1–20 of Biogen MA, Inc.'s United States Patent 8,399,514 (the '514 Patent). *See Mylan Pharms. Inc. v. Biogen MA Inc.¸* No. IPR2018-01403, 2020 WL 582736, at *1–2 (P.T.A.B. Feb. 5, 2020). The '514 Patent claims a method for the treatment of multiple sclerosis with a drug called dimethyl fumarate, a fumaric-acid ester compound, at a specific dose of 480 milligrams per day. '514 Patent col. 27 ll. 59–67. The Board found that Mylan failed to demonstrate by preponderant evidence that the challenged claims were unpatentable as obvious over a combination of prior-art references. *Mylan Pharms.¸* 2020 WL 582736, at *1–2. The Board further determined that Biogen presented sufficient evidence of unexpected results to overcome Mylan's obviousness challenge. *Id.* at *16–19, *23–24.

On appeal, Mylan argues that the Board based its patentability determination on an erroneous analysis of secondary considerations of nonobviousness. Appellant's Br. 17. Mylan further contends that the Board violated the Administrative Procedure Act by issuing a determination limited only to unexpected results, while ignoring the parties' dispute over the other three objective indicia of

nonobviousness. *Id.* at 18. Biogen counters that the Board did not err in upholding the patentability of the challenged claims because Biogen presented strong evidence of unexpected results, and there is no requirement that the Board consider all objective indicia before it makes a nonobviousness determination. Appellee's Br. 32–33, 47–48.

In *Biogen*, the companion case to this appeal, we held that the '514 Patent is invalid for lack of written description under 35 U.S.C. § 112, *see Biogen Int'l GmbH v. Mylan Pharms. Inc.*, No. 20-1933, __ F.4th __ (Fed. Cir. 2021). Consequently, we need not reach the merits of the parties' arguments in this case. The holding of lack of written description in *Biogen* is dispositive of the Board's patentability determination. We have considered the parties' remaining arguments and find no reason to hold otherwise.

**AFFIRMED**